**[ECF No. 9]**

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **BRAD CAMPBELL et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MICHAEL AYALA et al.,**<br><br>**Defendants.** | **Civil No. 25-16582 (CPO/SAK)** |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs Brad and Christine Campbell's (collectively, "Plaintiffs") motion for an Order authorizing service of process upon Defendants Michael Ayala and Four Peaks Fund V LLC (collectively, "Defendants") by alternative means and extending the time to complete service by 45 days, ECF No. 9. No opposition has been filed. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons that follow, Plaintiffs' motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Plaintiffs filed this action on October 11, 2025 asserting claims for, *inter alia*, fraudulent and deceptive practices against Defendants. *See* Compl., ECF No. 1. After months of inactivity, the Honorable Christine P. O'Hearn, U.S.D.J., issued a Notice of Call for Dismissal pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service of process within 90 days of filing the complaint. *See* ECF No. 6. On February 12, 2026, Plaintiffs filed a response representing that they had "made diligent and repeated efforts to effectuate service" and requesting a 45-day extension to complete service and/or move for leave for alternative service. ECF No. 7, at 1, 2.

Plaintiffs' request was granted the same day, setting the relevant deadline for March 30, 2026. *See* ECF No. 8; *see also* FED. R. CIV. P. 6(a)(1). The instant motion was filed 4 days late and 174 days after the complaint was filed—nearly triple the limit set by Rule 4(m).

Plaintiffs now move for an additional 45-day extension and permission to serve Defendants by alternative means. Specifically, Plaintiffs' proposed method of service includes emails sent to mike@michaelayala.com and mike@fourpeakpartners.com, and "any additional method the Court deems appropriate, including service by mail to last known addresses." Wichnovitz Cert. ¶ 28, ECF No. 9-1. Since February 12, 2026, counsel asserts he "has located at least one-to-two (1–2) new locations to potentially serve Defendants" without elaborating further. *Id.* ¶ 7. He also asserts he "received a 'Not Served' notification as recent as March 30, 2026." *Id.* ¶ 8 (citing Ex. A, ECF No. 9-3). The Court notes, however, that this document is redacted to shield the location where service was attempted and the identity of the process server. *See* Ex. A at 2. It also specifically states: "THIS FORM DOES NOT CONSTITUTE A LEGAL DUE DILIGENCE AFFIDAVIT." *Id.* Although counsel describes additional service attempts and skip tracing efforts, no supporting documentation is provided.[1] Wichnovitz Cert. ¶ 11.

## II. DISCUSSION

At the outset, the Court must note that Plaintiffs' motion is procedurally defective and may be denied on this basis alone. First, the motion fails to include a brief or a statement that no brief is necessary in violation of L. CIV. R. 7.1(d)(1), (d)(4). Second, counsel's certification contains arguments of facts and law in contravention of L. CIV. R. 7.2(a). Third, the motion is untimely.

[1] Counsel offers to furnish these materials but also requests they be filed under seal "due to the personal information on the Subpoena attempts." Wichnovitz Cert. ¶ 12. To the extent it relates to Plaintiffs' attempts at serving Defendants, it is unclear to the Court how such information would warrant sealing. Insofar as counsel sincerely believes the information should be protected, he shall file such materials under seal along with a motion to seal consistent with L. CIV. R. 5.3(c).

As noted, *supra*, it was filed 4 days late. Counsel does not account for or even acknowledge this delinquency.[2] Counsel is advised that "[t]he Local Civil Rules are not an invitation to parties to submit whatever papers they please; they are rules that exist for a reason, to assist the courts in the accurate and efficient adjudication of cases." *Bounasissi v. New York Life Ins. & Annuity Corp.*, No. 15-7585, 2016 WL 852483, at *2 n.1 (D.N.J. Mar. 4, 2016). Although the Court will consider the motion on its merits in the interest of judicial economy, Plaintiffs' counsel is forewarned that any future failure to follow all applicable procedural rules may result in the denial of his motion.

**A. Legal Standard**

Federal Rule 4 governs service of a summons and complaint. Because Defendants include both an individual and a company presumably located within a judicial district of the United States, service in this matter is governed by Rules 4(e) and 4(h), respectively. As such, Plaintiffs may serve Defendants by following New Jersey laws for service on an individual in state court.[3]

Under New Jersey law, personal service is the primary method of effecting service. *See* N.J. CT. R. 4:4-4(a). Substitute or constructive service is permissible, however, if personal service cannot be effected within the state. *See* N.J. CT. R. 4:4-4(b), 4:4-5. For *in personam* jurisdiction, alternative methods of service include personal service outside the state, simultaneous mailings by ordinary and certified or registered mail, return receipt requested, and as provided by court order, consistent with due process of law. *See* N.J. CT. R. 4:4-4(b). Irrespective of the cause of action,

[2] This critical omission is an independent basis to warrant denial. *See* FED. R. CIV. P. 6(b)(1)(B) (requiring parties to establish "excusable neglect" for failing to act prior to a deadline's expiration).

[3] *See* FED. R. CIV. P. 4(e)(1) (authorizing service of process on an individual by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made); FED. R. CIV. P. 4(h)(1)(A) (authorizing service of process on a domestic unincorporated association located within a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual").

alternative service requires a demonstration of due diligence by the requesting party that satisfies the requirements of N.J. CT. R. 4:4-5(b). *See generally Modan v. Modan*, 327 N.J. Super. 44, 47 (App. Div. 2000) (noting "[a]n affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts before seeking an order for" service by alternate means).

"Diligence has no fixed standard." *Argonaut-Midwest Ins. Co. v. Colt Logistics Inc.*, No. 18-11783, 2018 WL 6716104, at *2 (D.N.J. Dec. 20, 2018) (citing *Modan*, 327 N.J. Super. at 48). However, the diligence exercised, and the alternative method of service sought, must satisfy the "elementary and fundamental requirement of due process." *O'Connor v. Altus*, 67 N.J. 106, 126 (1975) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Namely, this requires that there be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* As such, in assessing diligence, the Court must conduct a fact-sensitive inquiry of "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 48 (citation omitted). "In short, a plaintiff must generally demonstrate a good faith, energetic effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013).

**B. Analysis**

Here, the Court is not satisfied that Plaintiffs have shown due diligence in their attempts to locate and serve Defendants. To start, counsel's certification is inadequately vague. In the absence of additional detail and supporting documentation, the Court cannot ascertain whether the efforts described therein constitute due diligence. Likewise, Plaintiffs' failure to specifically identify the locations where service was attempted, or the new locations where it may be attempted, leaves it

unclear whether service by ordinary mail could comport with due process. What is clear, however, is that Plaintiffs' presumed basis for their request to effect service by email is neither supported by the record nor the case law.[4] Counsel states that he "transmitted a demand letter to Defendants at [the subject] email addresses" on August 28, 2025. Wichnovitz Cert. ¶ 16. Shortly thereafter, an attorney on behalf of Defendants engaged with Plaintiffs regarding the dispute but later withdrew. *See id.* ¶¶ 17, 18. Plaintiffs' counsel argues that this demonstrates the "email addresses are valid, actively monitored, and used for business and legal communications." *Id.* ¶ 17. He further argues "the fact that legal representation was triggered by communications sent to these email addresses confirms that service *via* these email addresses is reasonably calculated to provide actual notice to Defendants." *Id.* ¶ 18.

Where service by email has been deemed to comport with due process of law, courts have required some showing that the email is reasonably likely to apprise the defendants of the pendency of the action. *See, e.g.*, *Prodigy Fin. CM2021-1 DAC v. Kurt*, No. 25-15163, 2025 WL 3443307, at *4 (D.N.J. Dec. 1, 2025) (citation omitted). At a minimum, this requires providing evidence to establish that the email was recently used. *See id.* (permitting service by email where the parties' email exchanges clearly showed that the defendant "recently used her email address to discuss" issues in the case and "strongly suggest[ed]" that she would receive service at that email address); *see also Brown v. RC-1, Inc.*, No. 25-17637, 2026 WL 1786131, at *4 (D.N.J. June 22, 2026) (citation omitted) (authorizing service by email as an additional method of substitute service since the defendant's "pattern of communicating by email while evading personal service" demonstrated it was "the method most likely to ensure that he receives formal notice of [the] lawsuit").

[4] Notably, Plaintiffs' motion is devoid of a single case citation and relies entirely on state and federal rules. *See, e.g.*, Wichnovitz Cert. ¶¶ 20, 21, 24.

Here, Plaintiffs have made no such showing. In fact, they implicitly concede a single email was sent to both email addresses and no responses were ever received. Counsel's contention that these emails "triggered legal representation" by itself amounts to mere speculation, without more. Notably, he fails to indicate whether the former attorney for Defendants ever confirmed this much. This notwithstanding, the Court should note that the emails were sent over a year ago. Thus, even if counsel's contention proved to be true, Plaintiffs would still need to submit more recent evidence to establish the email addresses are currently active and in use. In light of the foregoing, the Court will deny Plaintiffs' request for alternative service without prejudice. The Court will grant their request for an extension of time to complete service. Nevertheless, given the amount of time that Plaintiffs have already been afforded, the Court will limit this extension to 30 days.

## III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **2nd** day of **September**, **2026**, that Plaintiffs' motion [ECF No. 9] is **GRANTED** in part and **DENIED** in part without prejudice; and it is further

**ORDERED** that the deadline to effectuate service of process upon Defendants is extended to **October 2, 2026**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Christine P. O'Hearn, U.S.D.J.